UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY D. WARE,<br><br>               Plaintiff,<br><br>vs.<br><br>COUNTY OF SACRAMENTO, OFFICE OF PUBLIC DEFENDER; PAULINO DURAN; DEBRA McCLURE; KAREN FLYNN; MELISSA McELHENNEY, in their official capacities; SUE KARLTON, in her individual and official capacity, et al; and DOES 1 – 50 inclusive,<br><br>               Defendants. | No. 2:06-cv-00913-RRB<br><br>ORDER<br>[Re: Motions at Docket No. 13] |

### I – MOTION PRESENTED

At Docket No. 13 defendants County of Sacramento ("County") and Sue Karlton ("Karlton") have moved for an order dismissing the complaint as against them under Rule 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a cause of action.[1] At Docket No. 18-1 Plaintiff Johnny D. Ware ("Ware") has opposed the motion and requested that, if the motion is granted, he be granted leave to file an amended complaint; the County and Karlton replied at Docket No. 19. In addition, at Docket No. 18-2 Ware has filed his declaration in opposition to the motion.

### II – BACKGROUND

Ware, an African-American male, employed by the County of Sacramento as an investigator in the Office of the Public Defender, alleges in his complaint that he has been subjected to harassment and discrimination based upon his race. More specifically, Ware

---

[1] The Court notes that it does not appear from the record that the other named defendants have been served; nor have they appeared.

alleges that starting in approximately March 2003 Karlton, acting in a supervisory capacity, singled out Ware based upon his status as an African-American for different treatment, subjecting him to extra scrutiny, checking his work closer than for Caucasian employees, and harassment by accusing him of dishonesty and making racial comments towards him and other African-Americans.  Ware reported Karlton's actions to defendants Debra McClure ("McClure") and Karen Flynn ("Flynn"), as Ware's supervisors.  Neither McClure nor Flynn took any corrective action.

Ware further alleges that in November 2003, following an incident in which Karlton allegedly overheard his discussion with another African-American concerning contacting the union, County Human Resource Department, and legal counsel regarding exercising his rights, he was called into Karlton's office for a meeting with her and the Investigative Supervisor to discuss a witness report that Ware had testified to at trial.  At that meeting, Karlton accused Ware of changing the wording of the witness statement.  Shortly thereafter, Ware was called into another meeting where Karlton and McClure told him he was going to be terminated and refused to provide a reason.

Ware was then allegedly directed by Karlton and McClure to turn in all his work and sit at his desk.  For approximately three to five days Ware was forced to sit at his desk with no work and without explanation of his employment status.  At about that time Ware notified the County Human Resources Department of the actions.  Ware was then given an ultimatum by defendant Paulino Duran ("Duran") that he had a choice of either resigning or being terminated.  Ware contacted the union and was advised to file a grievance, which he did.  Duran, upon learning that Ware did not intend to resign, placed Ware on administrative leave and instructed him that he was not to leave his home during normal working hours.  Ware stayed on administrative leave approximately two months.

After a grievance hearing Ware was terminated on January 30, 2004, which termination Ware alleges was retaliatory.  Ware further alleges that during the administrative grievance process defendant Melissa McElhenney ("McElhenney"), representing Duran, misrepresented Ware's statements in formulating her recommendations and Duran terminated him without fully investigating the basis for the termination.

Ware then filed a grievance with State of California for his unlawful termination. After arbitration, in which the arbitrator found that the reasons given for his termination were unfounded and unproven, Ware was reinstated to his position as an Investigative Assistant with the County of Sacramento, Office of the Public Defender.

Ware claims the actions of defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000c, *et seq.*, and the California Fair Employment and Housing Act ("FEHA"), CAL. GOV'T CODE §§ 12900, *et seq.*  In his prayer, Ware seeks compensatory damages for physical and emotional injuries and accompanying pain and suffering; punitive damages; and attorney's fees and costs.

## III – ISSUES

In their motion to dismiss the County and Karlton raise several issues:

1. The claims under Title VII and the California FEHA are barred for failure to exhaust his administrative remedies;

2. The claims under Title VII and the California FEHA are barred by the applicable statute of limitations;

3. Karlton cannot be sued as a supervisor under either Title VII or the FEHA;

4. The FEHA harassment claims fail because Ware fails to allege that he was subjected to any "severe and pervasive" harassment;

5. The misrepresentation claims against McElhenney are barred by immunities under California law;

6. The intentional infliction of emotional distress claim is barred by the applicable statute of limitations, the California Tort Claims Act, or immunity to such claims; and

7. The County is not liable for punitive damages in any event.

## IV – STANDARD OF REVIEW

In ruling on a motion to dismiss under Rule 12(b), Federal Rules of Civil Procedure, the court must treat all well pleaded facts as true and construe them in the light most favorable to the non-moving party. *ASW v. Oregon*, 424 F.3d 970, 974 (9th Cir.2005).  A court does not, however, accept as true legal conclusions simply because they are cast in the form of factual allegations. *Wyler Summit P'ship v. Turner Broad. System, Inc*, 135 F.2d 658, 665 (9th Cir.1998).  A dismissal under Rule 12(b)(6) without leave to amend is

warranted only if the pleader against whom the motion is brought can prove no facts in support of its claims that would entitle him to relief. *Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir.2003).

## V – STATE LAW CLAIMS

When interpreting state law, this Court is bound by the decisions of the state's highest court. In the absence of a decision by the highest state court, this Court "must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *S.D. Myers, Inc. v. City and County of San Francisco*, 253 F.3d 461, 473 (9th Cir. 2001); *Paulman v. Gateway Ventures Partners III L.P.* (*In re Filtercorp, Inc.*), 163 F.3d 570, 578 (9th Cir. 1998).

## VI – DISCUSSION

To establish federal subject matter jurisdiction, Ware must have exhausted his administrative remedies before seeking adjudication of a Title VII claim. *Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir.2002). Exhaustion of administrative remedies under Title VII requires that the complainant file a timely charge with the federal Equal Employment Opportunity Commission ("EEOC"), thereby allowing the agency time to investigate the charge. *See* 42 U.S.C. § 2000e-5(b); *Lyons*, 307 F.3d at 1104. Under Title VII an administrative complaint must be filed with the EEOC within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). The California FEHA requires a complaint to be filed with the California Department of Fair Employment and Housing ("DFEH") within one year of the alleged unlawful practice. CAL. GOV'T CODE § 12960(d). The timely filing of an administrative complaint is a prerequisite to bringing a civil action for damages under both Title VII and the FEHA. *See Delaware State College v. Ricks,* 449 U.S. 250, 256 (1980) (Title VII); *Romano v. Rockwell Int'l, Inc.* 59 Cal.Rptr.2d 20, 27 (Cal.1996) (California FEHA).

In his complaint, although Ware has pleaded that he followed the California grievance procedure, he has not pleaded that he has complied with the administrative prerequisites for bringing an action under either Title VII or the California FEHA. Thus, on its face, as a minimum, the complaint fails to adequately plead the basis for federal subject

matter jurisdiction in this Court. *See Sommatino v. United States*, 255 F.3d 704, 707–710 (9th Cir.2001) (affirming dismissal under Rule 12(b)(1) where the complaint failed to show exhaustion by the proper filing of a complaint with the EEOC). Similarly, Ware has failed to plead exhaustion of his administrative remedy prerequisite to bringing his claim under the California FEHA.

Normally, leave to amend should be "freely given when justice so requires." FED. R. CIV. P. 15(a). However, leave to amend is not automatically given and a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 445 F.3d 1132, 1136 (9th Cir.2006). In this case, Ware has filed a declaration to which he has attached a copy of his right to sue letters received from the California DFEH as Exhibit B, Docket No. 18-2 at 6–7, and the federal EEOC as Exhibit C, Docket No. 18-2 at 8. Ware also attached a copy of the complaint he filed with the California DFEH as Exhibit A, Docket No. 18-2 at 4.[2] Thus, the salient inquiry becomes whether these documents establish that Ware invoked his administrative remedies *timely*.[3]

Ware did not file his complaint with the California DFEH (and concurrently with the federal EEOC) until February 24, 2005. The acts of which Ware complains violated his rights under Title VII and the California FEHA started in March 2003, continued in November 2003, and culminated with his termination on January 30, 2004. Thus, his cause of action under both Title VII and the California FEHA accrued, *at the latest*, at the time of his termination. *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)

---

[2] Ware has requested this Court take judicial notice of the documents. The County and Karlton have not objected to Ware's request; indeed, the County and Karlton also rely on Exhibit A in their reply. Accordingly, the Court takes judicial notice of those documents, at least for the limited purpose of determining whether Ware can plead that he has exhausted his administrative remedies. FED. R. EVID. 201

[3] Ware argues that because he brought this action timely after the "Right-to-Sue" letters were issued, December 8, 2005 (DFEH) and January 27, 2006 (EEOC), respectively, his complaint is timely. The Court agrees that, in that context, the complaint filed April 27, 2006, was timely. Unfortunately for Ware, the inquiry does not end there. Ware must also have filed his complaint with the DFEH and EEOC timely, which is the critical issue in the case at bar.

(Title VII); *Richards v. CH2M Hill, Inc.*, 111 Cal.Rptr.2d 87, 105-106 (Cal.2001) (FEHA). Thus, since his administrative complaint was filed more than 300 days (Title VII) and one year (FEHA) after the cause of action accrued his action in this court is barred.

Ware attempts to avoid this result by arguing a continuing violation theory: that he was continually subjected to racial discrimination and harassment between March 2003 and July 2006. This argument does not square with either the allegations in his complaint filed in this court or the complaint filed with the California DFEH and federal EEOC. In his complaint filed in this Court, Ware has not alleged any acts of discrimination or harassment occurring after January 30, 2004. In his complaint filed with DFEH and EEOC, he specifically stated, under oath, that (1) the basis for his complaint was retaliation for reporting racial discrimination and (2) the date of the most recent or continuing discrimination was January 30, 2004. Assuming that Ware could plead a hostile workplace environment claim that transcended the period between March 2003 and January 30, 2004, see *Morgan*, 536 U.S. 120–122, he still could not plead a valid claim under either Title VII or the California FEHA. While case law supports a relation back from a discrete event to include prior events falling outside the limitation period, Ware has not cited and the Court's independent research has not found any authority that permits including prior discrete actions that fall outside the limitation period.

A claim is exhausted only if it is sufficiently "like or reasonably related to the allegations of the EEOC charge." *Oubichon v. Northern American Rockwell Corp.,* 482 F.2d 569, 571 (9th Cir.1973). The scope of the subject matter jurisdiction of this Court is limited by the ambit of the predicate EEOC charge. *See B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir.2002). Whether the EEOC conducts an investigation at all or investigates all the claims made is irrelevant; subject matter jurisdiction in this Court extends to all claims that fall within the scope of the actual investigation by the EEOC or an investigation that could reasonably be expected to grow out of the charge. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 644 (9th Cir.2003). California courts currently follow

the same approach in applying the California FEHA. *See Martin v. Lockheed Missile & Space Co.*, 35 Cal.Rptr.2d 181, 183 (Cal. App.1994).[4/]

In this case, whatever racial harassment or hostile work environment existed ended when Ware was terminated on January 30, 2004. Contrary to Ware's arguments, his termination constituted a discrete act that immediately gave rise to his cause of action. Neither the U.S. Supreme Court decision in *National R.R. Passenger Corp. v. Morgan* or the California Supreme Court decision in *Richards v. CH2M Hill, Inc.* support Ware's theory. Most particularly, although he can tie the March and September 2003 acts to the January 30, 2004, termination action, it is highly unlikely that Ware can establish a nexus between any acts by the defendants occurring *after* January 30, 2004 and the termination action on that date. Certainly, there is nothing in the predicate complaint filed with the California DFEH and the federal EEOC that would cause either agency to investigate any acts subsequent to his termination.

Ware's argument concerning equitable tolling is likewise unsupported by any factual basis. However, the court can not determine on the record before it whether Ware can assert facts that would give rise to equitable tolling under either federal or California law.

Turning to Ware's emotional distress claims. Title VII permits a plaintiff to recover compensatory damages for emotional distress. 42 U.S.C. § 1981a(a)(1), (b)(3); 2002e-5(f). However, the California FEHA does not appear to provide a similar remedy and his tort claims against both the County and Karlton appear to be barred by the California Tort Claims Act. CAL. GOV'T CODE § 945.4; *City of San Jose v. Superior Court*, 115 Cal.Rptr. 797, 802 (Cal.1974). Moreover, the statute of limitations period for claims based on emotional distress in California is one year. *Magpali v. Farmers Groups, Inc.,* 55 Cal.Rptr.2d 225 (Cal. App.1996). Thus, to the extent that Ware has properly pleaded a common law tort action for emotional distress it is barred by the applicable limitations period.

---

[4/] The Court notes that this issue is present in *Williams v. Genetech, Inc.*, 45 Cal.Rptr.3d (Cal. App.2006), in which the California Supreme Court has granted review superceding that opinion. Thus, the issue may still be open and not finally decided under California law.

Although it is highly unlikely that Ware can properly plead a cause of action under either Title VII or the California FEHA, the Court is constrained by precedent from granting the motion to dismiss without granting at least one opportunity for Ware, a *pro se* plaintiff, to amend his complaint.[5]

## VII – CONCLUSION

Based upon the foregoing, the motion to dismiss by defendants County of Sacramento and Sue Karlton at Docket No. 13 is GRANTED.

IT IS ORDERED THAT the complaint is hereby DISMISSED.

IT IS FURTHER ORDERED THAT plaintiff Johnny D. Ware is granted leave to file an amended complaint; provided that the amended complaint must be filed on or before **October 27, 2006.**

IT IS FURTHER ORDERED THAT if an amended complaint is not filed within the time specified, or such other time as the Court may allow, a final judgment of dismissal will be entered without further notice.

Dated: September 29, 2006

/s/
RALPH R. BEISTLINE
United States District Judge

---

[5] As the foregoing discussion is dispositive of the motion at bar, the Court does not address the other issues raised by the motion.